ST. PAUL, ,T.
 

 The defendant’s church was built by Tull & Sample, contractors, and plaintiff (a partnership) became sureties on the bond given by the contractors for the faithful execution of the work; which
 
 of course
 
 included the obligation to deliver the building free of incumbrances arising from liens for materials purchased by the contractors and not paid for, even though not specially mentioned. .
 

 I.
 

 Plaintiffs furnished certain material to the ■ contractor which were not paid for, and ,now claim a lien on the building.
 

 The defense is that the lien was not recorded in time; that, in any event, plaintiffs, being sureties on the bond given by the contractors as aforesaid, are estopped from proceeding against the building contrary to their guaranty that the contractor would faithfully do the work (and deliver it free of liens); and in the alternative, defendant prays for judgment, on the bond, against plaintiff for a like amount as claimed.
 

 II.
 

 The trial judge rejected plaintiffs’ claim on the ground that the lien was not recorded in time. But we find it unnecessary to lbok into that phase of the ease, since plaintiffs are clearly estopped by their bond from proceeding against the building.
 

 Manifestly, as we have said, an engagement to erect a building at one’s own expense for labor and materials cannot be
 
 faithfully
 
 performed by failing to pay for the materials and leaving them to be paid through liens filed against the building. And since plaintiffs bound themselves to see that the obligation of the contractors was
 
 faithfully
 
 performed, it follows that they are estopped from asserting liens against the building the result of which would be that the contractors would
 
 not
 
 have faithfully performed their obligations under the contract.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.